DUNHAM, BUCKLEY & CO. ET AL. v. R. H. McNATT ET AL.

Delivered March 15, 1897.

1.  **Chattel Mortgage Preferring Creditors—Liability.**

An instrument purporting to be a deed in trust or chattel mortgage, executed by a mercantile partnership for the purpose of preferentially securing certain creditors therein named, is valid.

2.  **Pleading and Proof—Action Assailing Written Instrument Requiring Resort to Parol Evidence.**

A petition alleging a chattel mortgage to be in legal effect a general assignment, and which requires a resort to extrinsic parol testimony to show the character of the instrument (which is attached to the petition as part thereof) to be other than that which it purports on its face to be, is defective.

**3. Chattel Mortgage—Effect of Contemporaneous Assignment in Another State.**

The validity of a chattel mortgage upon property in this State is not affected by the fact that a general assignment of personal property in another jurisdiction was contemporaneously made by the same grantors.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT.

*Giddings & Giddings, Potter & Potter* and *Davis & Garnett*, for appellants.—When the instrument devotes the property absolutely to the payment of debts, and there is no purpose, intent or ability to redeem the property, and this is known to all the parties, the instrument, though disguised in the form of a mortgage, is in fact an assignment; and the law, which is not entrapped by mere form, will hear evidence and ascertain the real character of the instrument, and so construe it. Jones on Chattel Mortgages, sec. 352a; White v. Cotzhausen, 129 U. S., 329; Winner v. Moyt, 66 Wis., 227.

*Stuart & Bell, Eldridge & Gardner* and *Capps & Cantey*, for appellees.—1. The deed of trust executed by Glenn & Peoples to R. H. McNatt, in Cooke County, Texas, on the 25th of November, 1895, conveying property in that county, was clearly a mortgage, and not ambiguous in its terms. The right to make such a conveyance, even by an insolvent debtor, is no longer a disputed question under the laws of this State. Courts of equity permit formal deeds, or absolute conveyances, to be construed into mortgages by extrinsic evidence, engrafting thereon a right of defeasance, thus protecting the debtor and doing equity to the creditor. But they will not permit extrinsic evidence to so enlarge the conveyance as to take away the equity of redemption and pass an absolute title. Adams v. Bateman, 29 S. W. Rep., 1124; Eckford v. Berry, 28 S. W. Rep., 937; 1 Jones on Mortgages, sec. 277; 2 Devlin on Deeds, sec. 1144; 49 Texas, 458; 52 Texas, 453; Tittle v. Vanleer, 29 S. W. Rep.; Johnson v. Roberson, 68 Texas, 400; Waterman v. Silverberg, 67 Texas, 101.

2. By the laws of Texas, no property passed under the mortgage to McNatt other than that mentioned, and for the benefit of no other creditors. By the laws of the Indian Territory, permitting partial and preferential assignments, no property passed under the conveyance to Moore other than that expressly mentioned. A valid conveyance in the Indian Territory (which would be invalid in Texas), affecting property not within the reach of the process of any court in Texas, cannot be adjudged a statutory assignment in Texas, for the sole purpose of defeating a valid mortgage made and affecting property within the State of Texas, which is not mentioned in nor in any manner affected by the assignment in the foreign State. Worthen v. Griffith, 28 S. W. Rep., 286 (Ark.); Appollos v. Staniforth, 22 S. W. Rep., 1060; Rohrer on Interstate Law, p. 138; Story on Con. Laws (8 ed.), p. 545, and note; Boone, Law of Mortgage, sec. 239, and authorities cited in notes;

Story on Con. of Laws, secs. 411, 414, 416; Beall v. Williamson, 14 Ala., 55; Robords v. Brown, 40 Ark., 423; Parsel v. Barnes, 25 Ark., 261.

TARLTON, CHIEF JUSTICE.—G. T. Glenn, of Ardmore, Indian Territory, and W. T. Peoples, of Cooke County, Texas, were mercantile partners doing business under the firm name of Glenn & Peoples. As such they conducted a business at Gainesville, Texas, and also at Ardmore, Indian Territory.

On November 25, 1895, the firm of Glenn & Peoples executed an instrument purporting to be a deed in trust to R. H. McNatt, as the trustee, conveying their stock of merchandise at Gainesville, Texas, for the purpose of securing certain creditors preferred in the order of classification. On the same day the firm conveyed to W. H. Dougherty 200 acres of land in Cooke County, Texas, in settlement of a debt which they owed.

On November 26, 1895, the firm of Glenn & Peoples in the Indian Territory executed an instrument whereby they conveyed to W. R. Moore all of their stock of merchandise in the town of Ardmore, in the Indian Territory, in trust for the payment of certain creditors therein named. This instrument is admittedly an assignment executed in accordance with the laws of Arkansas, in force in the Indian Territory, where preferences by assignment are not condemned.

On December 4, 1895, the appellants Dunham, Buckley & Co. and others, creditors of Glenn & Peoples, instituted this suit against the appellees R. H. McNatt, the above named trustee, and others, who were creditors of Glenn & Peoples, and also against Glenn & Peoples. The purpose of the proceeding is to obtain from the court a judgment declaring the instrument executed to McNatt to be a general statutory assignment for the benefit of the creditors, and to have the property described in the instrument to be thus administered.

The instrument to McNatt as trustee abounds in expressions indicating a purpose on the part of Glenn & Peoples to transfer the property for the purpose of securing the indebtedness therein mentioned. Thus, it directs that, if any of the property or the proceeds thereof shall remain in the hands of the trustee after the payment of all the indebtedness and the incidental expenses, it shall be delivered to the grantors or their legal representatives; that the conveyance is intended and shall be construed as a chattel mortgage, inuring to the benefit of the persons and firms named, and to secure the payment in full of each of said creditors named, etc. It expressly reserves the right to pay off and tender to the creditors the amount of the indebtedness secured, in the event of which payment or tender the conveyance is to become null and void.

A general demurrer and several special exceptions were addressd to the petition of the plaintiffs, and the action of the court in sustaining them presents the matter for consideration by us.

The instrument executed to McNatt, as also that to Moore, is made an

exhibit to the petition.  It is alleged that by means of the former the grantors placed the property therein mentioned unconditionally in the hands of NcNatt, for the purpose of paying the creditors therein named, with no purpose of redemption; that the recitals in the deed to McNatt to the effect that it is a chattel mortgage, or that Glenn & Peoples had the right to redeem the property, were fraudulently inserted therein by the grantors and by McNatt with the connivance and consent of the other defendants, to disguise the real purpose and character of the instrument, and to mislead and entrap the other creditors of the grantors not mentioned in the instrument; that the instrument is in fact an assignment, under the laws of Texas, and that its form was adopted as a disguise to its real character, and to enable the grantors, while making an assignment, to prefer certain favored creditors, which the law would not permit them to do; that the three instruments were executed practically at the same time and pursuant to the same intent and agreement, and should be considered as one instrument; that it was not the intention by either party that Glenn & Peoples should redeem the property mentioned in the instrument to McNatt or any part of it, as it was well known to all of the defendants that Glenn & Peoples had neither the abilty nor the intention to redeem; that the instrument executed to McNatt was in contemplation of an assignment by Glenn & Peoples, and that in pursuance of this fixed purpose they executed the assignment to Moore.

We have thus stated with substantial fullness and accuracy the allegations of the plaintiffs petition, to which we think the court properly sustained the general demurrer as also the special exceptions disclosed by the record.

The instrument to McNatt, executed, as is was, in Texas, and transferring personal property situated alone in Texas, is, in our opinion, to be interpreted according to the laws of this State.  By them its character and efficacy must be determined.  The instrument executed to Moore, admittedly an assignment under the laws in force in the Indian Territory, must be construed, as to its character, effect and validity, with reference to the laws in force in that jurisdiction.  In each instance the lex loci rei sitae must prevail.

Applying this test to the instrument executed to McNatt, it is upon its face a valid deed in trust or chattel mortgage, which unquestionably the grantors were entitled under our jurisprudence to execute in favor of preferred creditors.  Its character as a chattel mortgage or deed in trust is clear and unambiguous, and parol evidence is not admissible to show its character to be other than that which it purports on its face to be.  Adams v. Bateman, 29 S. W. Rep., 1124.

Hence, as under the averments of the petition, which makes the instrument itself a part thereof, extrinsic parol testimony would have to be resorted to in order to show the instrument to be an assignment, these averments are manifestly defective.  The instrument must be re-

garded as a valid chattel mortgage or deed in trust, and is unassailable in the manner adopted by the appellants.

The instrument executed in the Indian territory conveyed personal property situated exclusively in that territory, and must be held to constitute a valid assignment under the law of that jurisdiction. We think that the conveyance of property in Texas cannot be invalidated on the ground of the transfer in the Indian Territory, or vice versa. The firm owning property in Texas had a right to execute a chattel mortgage in accordance with the laws of this State. The firm owning property in the Indian Territory had a right to execute an assignment according to the laws of that jurisdiction.

Authorities cited by the appellants in support of their proposition that the assignment at Ardmore, the deed to Dougherty, and the instrument to McNatt must all be considered in ascertaining the intent, are not believed to be applicable to the facts disclosed in the plaintiffs' pleadings. They refer to cases in which several contemporaneous and interdependent instruments have been executed transferring property within the same jurisdiction.

We affirm the judgment.                                    *Affirmed.*

Writ of error denied.